IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES J. SETH, )
)
        Plaintiff, )
)
v. ) Civil Action No. 04-1457
)
JO ANNE B. BARNHART, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 17th day of November, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on July 1, 2002, alleging disability beginning April 27, 1999, due to bipolar disorder, explosive personality disorder, acid reflux disorder, arthritis in both knees and hiatal hernia. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on October 2, 2003, at which plaintiff appeared represented by counsel. On October 28, 2003, the ALJ issued a decision finding that plaintiff is not disabled. On July 23, 2004, the Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 28 years old at the time of the administrative

hearing and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). He has a high school education and an associate's degree in retail management. Plaintiff has past relevant work experience as a dock worker, sales clerk, store manager, newspaper carrier and stock person, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of bipolar disorder and personality disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at any exertional level with certain non-exertional limitations. Plaintiff is limited to work that involves only simple instructions, as well as work that does not involve closeness with others, intensive supervision, interaction with the general public and work setting changes (collectively, the "RFC Finding"). As a result of these limitations, the ALJ

AO 72A
(Rev.8/82)

determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an alarm monitor, janitor or laundry worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe

4

impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and

other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ gave inadequate weight to the opinion of his treating psychiatrist; and (2) the ALJ's hypothetical to the vocational expert was flawed because it did not include all of his limitations.

Plaintiff first contends that the ALJ gave inadequate weight to the opinion of Dr. Phillip Dias-Mandoly, his treating psychiatrist. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, Dr. Dias-Mandoly's opinion was not entitled to controlling weight.

Dr. Dias-Mandoly completed a form entitled "Medical Opinion Re: Ability to do Work-Related Activities" on which he rated plaintiff's mental abilities in a variety of areas. By checking boxes, Dr. Dias-Mandoly indicated that plaintiff was unable to meet competitive standards in ten areas. (R. 499). Dr. Dias-Mandoly also checked a box to indicate that plaintiff might be absent from work more than four days per month due to his

6

impairments. (R. 505). As noted, Dr. Dias-Mandoly's opinion concerning plaintiff's limitations and his need to miss work simply was set forth in "check-the-box" format without any objective medical evidence to support his conclusion. Although Dr. Dias-Mandoly checked off boxes on the form to identify plaintiff's symptoms (R. 501), he did not complete the section of the form which asked the doctor to provide a written description of the clinical findings that demonstrate the severity of plaintiff's mental impairment, leaving one to speculate as to the basis for his opinion. (R. 500).

In addition to the foregoing, Dr. Dias-Mandoly's own treatment notes and other record evidence contradict his opinion of plaintiff's capabilities. Dr. Dias-Mandoly reported that plaintiff had no side effects from his medications, he remained active, and he was calm and goal-oriented (R. 375-78, 484-87). The doctor's notes also reflect that plaintiff reported he was okay or doing fairly well. (R. 375-78, 484-87). Furthermore, the consultative examiner, Dr. Julie Uran, found that plaintiff had fair ability to make occupational adjustments, fair ability to understand, remember and carry out complex job instructions, good ability to understand, remember and carry out simple job instructions and had fair ability to make personal and social adjustments, with the exception of behaving in an emotionally stable manner. (R. 414-15). Dr. Uran's written report and

7

assessment of plaintiff does not indicate that he is precluded from performing all work activity. (R. 408-411, 414-15). For all of these reasons, the court finds that the ALJ properly gave Dr. Dias-Mandoly's opinion limited weight. (R. 24).

Plaintiff's next argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not include all of the limitations that were identified by Dr. Dias-Mandoly. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). As discussed above, Dr. Dias-Mandoly's opinion was not entitled to controlling weight, thus the ALJ did not err by omitting the limitations he identified from the hypothetical to the vocational expert.

Here, the ALJ's hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations claimed by plaintiff should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
570 Edgewood Towne Center Offices
1789 S. Braddock Avenue
Pittsburgh, PA 15218

Lee J. Karl
Assistant U.S. Attorney
Suite 400, U.S.P.O. & Courthouse
Pittsburgh, PA 15219